DOLAN ET AL., APPELLANTS, *v.* FULKERT, APPELLEE.

166

*Mr. James R. Fazekas,* for appellants.
*Messrs. Spengler, Nathanson, Heyman, McCarthy & Durffee,* for appellee.

WILEY, J. Plaintiff Kenneth L. Dolan, one appellant herein, filed a complaint on August 17, 1970, for injuries allegedly sustained in an automobile accident on December 24, 1968, in Toledo, Ohio. His wife, plaintiff Doris Dolan, the other appellant herein and the complainant in a companion case (Court of Appeals No. 7127), was not a passenger in the car and filed her complaint on August 17, 1970, for damages for loss of consortium. In each case a summons was issued and sent by certified mail to the last known address of the defendant and the same was returned endorsed by the post office, "Addressee unknown, moved, not forwardable."

On December 21, 1970, the court issued an order that each cause be assigned to the January pre-trial list. On January 26, 1971, an entry was made continuing each case 30 days for service or dismissal. Thereafter, for some unexplained reason, the two cases differ in procedural aspects.

As to C. A. No. 7126, the plaintiff assigns as error the failure of the clerk of courts of Lucas County, Ohio, to accept an alias praecipe presented for filing on or about February 19, 1971, requesting service of summons to be made on the Secretary of State of Ohio according to R. C. 2703.20. This document was made a part of the record before the Court of Appeals, by motion in the Court of Appeals, under Rule 9(E), appellate rules. In the upper right-hand corner of this document the notation "do not file" appears, followed by the signature of the clerk of courts, together with the date 2-19-71. The most recent publications of the Ohio Revised Code do not indicate that R. C. 2703.20 has been repealed, nor, to our knowledge, has there

been a judicial determination whether or not this section of the Code is in conflict with Civil Rule 4.3. It is our determination that R. C. 2703.20 is in conflict with Civil Rule 4.3; therefore, the clerk of courts properly determined that no service of summons could lawfully be made on the secretary of state.[1]

Plaintiffs' second assignment of error pertains to the failure of the clerk of courts of Lucas County in cause No. 7126 to effect service by publication pursuant to an affidavit for publication filed by counsel on March 26, 1971, pursuant to Civil Rule 4.4 (A).[2]

Neither the clerk of courts nor counsel for the plaintiffs took any further action to effect a publication based upon the March 26th affidavit. The mere filing of an affidavit required by Rule 4.4 (A) is not the equivalent of service by publication. Plaintiffs' second assignment of error is not well taken.

By order dated May 26, 1971, C. A. No. 7126 was continued for a 60-day period for proof of service by publication; by court order dated July 22, 1971, the cause was continued for an additional 60 days for service by pub-

---

[1]In the Ohio Legal Center Institute's Reference Manual for Continuing Legal Education Program, page 28 (Lawyers' ed. 1970), under Rule 4.3(B), Methods of Service, the second sentence reads:

"The rules provide for certified mail service or for direct service and *as a result* eliminates the cumbersome 'secretary of state' service heretofore required by statute *in order* to effect long armed jurisdiction. See Sections 2307.383, 2703.20 and 2703.201, R. C."

At page 30 where various code sections suspected of being in conflict with the Civil Rules are listed, it should be noted that R. C. 2703.20 is *not* one of these sections.

[2]As effective on July 1, 1970, Civil Rule 4.4(A), second paragraph, was worded as follows:

"Upon the filing of the affidavit the clerk shall direct that service of notice shall be made by publication in a newspaper of general circulation in the county in which the complaint is filed."

This portion of Paragraph 2 was amended as of July 1, 1971, to read, as follows:

"Upon the filing of the affidavit the clerk shall *cause* service of notice to be made by publication in a newspaper of general circulation in the county in which the complaint is filed." (Emphasis ours.)

lication. By court order dated August 6, 1971, the court directed that service by publication be made upon the defendant.

On May 26, 1971, C. A. No. 7127 was dismissed for want of service pursuant to the dismissal order of January 26, 1971. On July 23, 1971, the dismissal entry of May 26, 1971, was vacated and set aside by court order; on the same date a trial docket entry was made granting leave for service by publication and a court order thereon was filed August 6, 1971.

On each case service by publication was made for six consecutive weeks beginning August 10, 1971, and ending September 14, 1971. On September 14, 1971, proof of publication was filed.

On October 12, a motion to quash and dismiss was filed in each case for the stated reason that service of summons was never obtained upon the defendant and that the action was, therefore, barred by the statute of limitations.

On November 10, 1971, in C. A. No. 7127 (C. P. No. 70-1270), the trial judge signed an order, to-wit: "Pursuant to Civil Rule 41(B) (1), this cause dismissed at plaintiff's costs." It is to be noted that Civil Rule 41 (B) (1) provides for dismissal of causes for lack of prosecution. On November 24, 1971, a dismissal order in each case was filed stating that the reason for the dismissal was that service of summons had never been obtained against the defendant within the time provided by rule and the statute of limitations. It is from this dismissal order of November 24, 1971, in each case, that the appeal to this court was made.

Rule 3(A) of the Civil Rules provides that an action is commenced upon the filing of the complaint provided service is obtained within one year. Was service *obtained* within a year by publication begun within the year, but not *completed* until thereafter? The answer to this question is "yes."

Defendant contended that the new rules gave one year for obtaining service; that this time is ample for the pub-

lication necessary to *complete* service. But under the former R. C. 2305.17, prior to the year 1965, when a 60-day period was provided, the statute specifically stated that "* * * the action is commenced at the date of the first publication, * * *." The further argument was made that upon due consideration of the extension of time, after 1965, which permitted service to be made within a year of the date of filing, plus the fact that the specific provision as to first publication was deleted from the amended section of the Ohio Revised Code, the proper interpretation of the Civil Rules requires that the final publication must be made within a year from the date of filing.

Plaintiff Kenneth Dolan argues that he was diligent, that the clerk failed to perform his duty, that the publication was actually begun within the one year provided, and that plaintiff should not be penalized by the dismissal of the action. The further argument can be advanced that the new rules did not specifically state that the last publication did not relate back to the date of the first publication and that just results would be effected without undue delay with Civil Rule 1 (B), by relating back.

The federal rules and statutes of some of the other states follow the elastic rule of permitting service if reasonable diligence is used; consequently, the period within which service can be made, after filing a complaint, and still be considered timely, may vary anywhere from six months up to several years. The Ohio civil rules are more rigid on this particular point than the federal rules, yet the facts of this case indicate that some variance in interpretation is desirable to carry out the full intent of our still very new civil rules.

Counsel herein did display considerable diligence, though somewhat misdirected. The precise duties of the clerk were in doubt during the first year of the Ohio Rules of Civil Procedure as indicated by the amendment effective July 1, 1971. (Rule 4.4, second paragraph.) The question of which former applicable code sections have actually been repealed by the civil rules has not been fully answered. (R. C. 2703.20.)

Rule 4.3 does provide an adequate substitute for service of process with regard to out of state residents; however, the former R. C. 2703.20 (often referred to as the non-resident motor vehicle operator statute) did provide, in part, for service upon residents of the state "being the licensed operator or owner of any motor vehicle under the laws of this state, who subsequently becomes a non-resident or *conceals his whereabouts* * * *." (Emphasis ours.)

In C. A. No. 7126, having been prevented from obtaining service upon the defendant under R. C. 2703.20, even though this section at that time had not specifically been ruled upon by any court, and had not been listed as one of the sections in conflict with the civil rules, counsel for plaintiff proceeded with an abortive attempt to secure service by publication, by filing his affidavit on March 26, 1971, with the clerk of courts. It is not apparent from the record precisely what happened in this instance. Whether the clerk directed some unknown person to cause the publication to be made, or whether there was a question of who should have proceeded with publication, the fact remains that no publication was made as a result of the March 26, 1971, filing. The amendment to Rule 4.4(A), effective July 1, 1971, now unequivocally requires the clerk to cause service of notice to be made by publication. Even so, no sanctions are provided for failure of the clerk to proceed as stated in Rule 4.4, and future problems in this area may be anticipated.

For more than one hundred years, under the statutory provision, R. C. 2305.17, "* * * the action is commenced at the date of the first publication, * * *." Even though this, section was amended in 1965 and the specific words referred to were eliminated, it would appear that many competent practicing attorneys in the state of Ohio would probably believe that the date of first publication is the date on which service is considered to have been made. It is true that the new rules were adopted and were to be construed so that just results could be obtained by eliminating delay. However, they were not designed to entrap the unwary who had been "used to doing it this way," for the

last 10, 25, or 50 years. With particular emphasis on the circumstances of this case and upon consideration of the relatively short time the civil rules have been in effect, it is decided that the directive of Rule 1(B), Construction, will not be violated by interpreting Rule 4.4(A) in such a way that the words "service shall be complete at the date of the last publication" shall not exclude the relating back of the last publication to the date of the first publication, if regularly made. In the absence of a clear mandatory requirement not to so relate the last publication back, we hold that the date of the first publication is the date service was obtained within Rule 3(A), even though not completed until the last publication under Rule 4.4(A).

The judgment of the Court of Common Pleas dismissing the complaint is reversed and the cause is remanded to that court for further proceedings according to law, at the defendant's costs.

*Judgment reversed.*

POTTER, P. J., and BROWN, J., concur.