RASMUSSEN *v.* VANCE.

[Cite as Rasmussen v. Vance (1973), 34 Ohio Misc. 87.]

(No. 910,556—Decided February 22, 1973.)

Common Pleas Court of Cuyahoga County.

*Mr. Jed Weisman, Messrs. Weisman, Goldberg, Weisman & Pearlman,* for plaintiff.
*Mr. Thomas L. Brunn, Messrs. Meyers, Stevens & Rea,* for defendant.

McMONAGLE, J.  The legal issue presently before the court is the following:

"Do the Ohio Rules of Civil Procedure authorize the entry of a judgment for money only in an *in personam* action where the only service of process upon the defendant has been service by publication?"

In its promulgation of the Civil Rules, the Supreme Court obviously intended to make provision for service in every type of action.  It is elementary that some type or method of service of process must be made in every adversary action and, therefore, the Supreme Court did not itemize every type of action and then specify a method of service applicable to it.  The rules as to service are generally all inclusive.  No distinction is made as to *in personam* actions as distinguished from *in rem* actions.  Provision is made for service (Civ. R. 4.4) when the residence of the defendant is unknown, as follows:

"(A) Residence unknown. When the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law."

This is chiefly applicable to a defendant who is, or was, an Ohio resident but his whereabouts, when he is sought to be served, is unknown, since a "long-arm" out-of-state defendant whose address is unknown may be subjected to a money judgment by specified mail procedures and an affidavit.

It is contended that R. C. 2703.14 is the law which authorizes service by publication herein. It follows:

"Service may be made by publication in any of the following cases:

"* * *

[Paragraphs (A), (B), (C), (D), (G), and (I) describe actions *in rem*. Paragraphs (E) and (F) describe actions other than pure *in rem* actions. Paragraphs (H), (J), (K) and (L) describe actions in which a money judgment may be procured against the defendant—those usually denominated *in personam* actions.]

"(L) In an action where the defendant, being a resident of this state, has departed from the county of his residence with intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed with like intent."

R. C. 2703.14(L) specifically describes the situation present in this case—an Ohio defendant who keeps himself concealed after being involved in an automobile accident in this state.

Civ. R. 4.4(B) eliminates the service by publication which is authorized in R. C. 2703.14 if the residence of a defendant is known, regardless of whether it is in, or outside of, Ohio.

Civ. R. 4.3 also eliminates the need for publication service in the "long-arm" situation described in 4.3(A), as 4.3(B)(1) provides:

"* * * In the event that the return receipt shows failure of delivery, service is complete if the serving party or his attorney, after notification by the clerk, files with the clerk an affidavit setting forth facts indicating the rea-

sonable diligence utilized to ascertain the whereabouts of the party to be served."

It is to be seen, therefore, that while the Supreme Court has not required service by publication before a default, money-only judgment may be taken against a "long-arm" defendant whose whereabouts is unknown, that it does require such publication service where the unknown-address defendant is, or was, an Ohio resident when the cause of action arose. Since the theory of publication service is such as is reasonably calculated to give the opposing party notice of the suit, it is logical to assume that the publication might reach an Ohio defendant, and it is illogical to require a publication for a defendant whose whereabouts in the world is presently unknown and any effort to reach him must commence outside Ohio. In what part of the world would the publication be carried?

The basic constitutional requirement as to the validity of service is that it must be such as is reasonably calculated to give the opposing party notice of the suit. Service by publication has been universally held to be constitutionally valid as being reasonably calculated to give such notice. All counsel know of the many pecuniarily valuable rights and interests of a person which may be taken from him by a court judgment in an action where the only notice is that which is given him by publication. (See above-cited R. C. 2703.14 and others.) The fact that a person's property is to be taken from him by means of a money judgment does not thereby render a statute or rule as to service constitutionally invalid.

This is an action in which the plaintiff alleges in his complaint that he was injured while occupying an automobile that came into collision with one negligently operated by the defendant; that the collision occurred in the city of Independence, Cuyahoga County, Ohio, on November 6, 1970.

Upon the filing of this action, the clerk, in accordance with Civ. R. 4(A) and 4(B) attempted service by certified mail (Civ. R. 4.1[1]). The envelope was returned indicating that the defendant had moved and left no forwarding address.

Upon the return of the certified mail envelope, Mr. Jed Weisman, counsel for the plaintiff, filed an affidavit for service by publication in which he avers that service of summons was attempted to be made on the defendant at his last known address, which was in Cuyahoga County, Ohio, by certified mail; that the summons was returned indicating that defendant had moved and left no forwarding address; that counsel telephoned the mother of the defendant on October 21, 1972, and she stated that the defendant no longer lived at the Chillicothe Road address indicated at the time of the collision, and that his residence was presently unknown and could not, with reasonable diligence, be ascertained.

On January 8, 1973, an instrument captioned ''Motion to Quash'' was filed by counsel for defendant, Marshall L. Vance. This is treated by the court as a special-appearance motion to dismiss because of lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process. See Civ. R. 12(B), defenses (2), (4), and (5).

There is no dispute about the facts applicable to the matter at issue. The question to be decided is that stated at the beginning of this opinion.

Judges, lawyers and law school professors are accustomed to state generally, that it is only in actions *in rem* that judgment may be entered against a party where the sole service is that of service by publication; that a money-only judgment may never be entered without some type of personal service of process or attachment. This has not actually been the rule. The validity of any judgment is predicated upon the compliance with valid constitutional enactments contained in legislation or court rules, such as the Ohio Civil Rules.

The Rules Advisory Committee staff notes to Civ. R. 4.1(1) state, in pertinent part:

''Before the founding of this state, the *capias ad respondendum* (physical arrest of a defendant in a civil action) had given way to 'in hand' service by a process server (§2703.08, R. C.). In turn 'in hand' service by a process server has been supplemented by residence service (§2703.-

08, R. C.). In 1919 all service for *in personam* actions in Ohio was supplemented by mail service, 'registered or otherwise,' at the option of a court by local rule (§2703.23, R. C.). For a number of years municipal courts, such as the municipal courts in Cincinnati, Columbus and Cleveland, have used ordinary mail (as distinguished from certified mail) almost exclusively for service of original process.''

Prior to the enactment of the Civil Rules, service by registered mail in civil actions had been authorized and instituted by rule of the Cuyahoga County Common Pleas Court.

It will therefore be seen that for over a hundred years, a valid judgment could be procured in an *in personam* action without ''in hand'' service on a defendant and without proof that the defendant had personally come into receipt of the summons. The validity of such service, and ensuing money judgments, was universally upheld where the service was in conformity with legislative enactments or the Civil Rules.

Counsel are all familiar with the previously applicable ''Secretary of State'' service in certain actions, chiefly those that grew out of motor-vehicle collisions. R. C. 2703.20 (motor-vehicle accidents), R. C. 2703.201 (airplane accidents) and R. C. 2307.383 (long-arm actions) authorized Secretary of State service. R. C. 2307.383 has been repealed and now, although the other two statutes have not been repealed, we find no parts of them that have not been supplanted by the Civil Rules.

Secretary of State service was originally considered to be valid under theories of either implied consent or implied appointment of the Secretary of State as the agent for a party sued. In *International Shoe Co.* v. *State of Washington* (1945), 326 U. S. 310, the United States Supreme Court held that a nonresident corporation was ''present'' in the forum state, not because the nonresident corporation had ''impliedly consented'' to the forum state's jurisdiction but because the nonresident corporation had certain ''minimum contacts'' with the forum state. The *International Shoe* decision was followed in *Olberding* v. *Illinois Central Rail-*

*road Co.* (1953), 346 U. S. 338, and in that case, Justice Frankfurter describes the implied-consent doctrine as "fictive talk." In *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70, the Ohio Supreme Court, speaking on the same subject, used words similar to those of Justice Frankfurter.

Where the residence of a defendant is known, and regardless of whether it is within the state of Ohio (Civ. R. 4.1), or outside of it (Civ. R. 4.3[B]), or even within a foreign country, service may be had by mail in all types of actions. Civ. R. 4.5 provides for alternative procedures for service if a defendant is in a foreign country. The former publication requirements in connection with service upon a nonresident have been eliminated by Civ. R. 4.3(B). The Secretary of State service has also been eliminated, regardless of whether the address of the out-of-state defendant is known or is unknown.

The Civil Rules authorize direct service by mail upon a nonresident defendant by the methods specified in Civ. R. 4.3(B) and in those cases specified in Civ. R. 4.3(A). Needless to say, any person operating a motor vehicle in Ohio has had the minimum contacts referred to in the *International Shoe* case, *supra.*

In *Dolan* v. *Fulkert* (1972), 30 Ohio App. 2d 165, the Court of Appeals held that R. C. 2703.20 is in conflict with Civ. R. 4.3, out-of-state service, and henceforth service upon the Secretary of the State of Ohio cannot constitute service on those persons described in such actions, since Civ. R. 4.3 has supplanted R. C. 2703.20, including its service provisions. In *Dolan*, the court does indicate an approval of service by publication but it is unclear as to whether it is referring to a so-called "concealed" Ohio resident or an out-of-state resident. The court discusses Civ. R. 4.3 (out-of-state residents) but service by publication is not required as to such defendants whose address is unknown. Civ. R. 4.3(B)(1) provides, that if "* * * the return receipt shows failure of delivery, service is complete * * * if the serving party * * * files with the clerk an affidavit * * *."

Under Civ. R. 4.3(B)(1), a money judgment is authorized against an original out-of-state defendant without

publication. A failure of delivery by mail and the filing of an affidavit completes the service.

Further, in *Hendershot* v. *Ferkel* (1944), 144 Ohio St. 112, the Ohio Supreme Court upheld the validity of a money judgment recovered on a supplemental petition against a motorist's insurance company where the record conclusively showed that the motorist (the original defendant) definitely did not receive any notice of the original suit, and an issue was made at all stages of the proceedings as to the validity of the original judgment.

It is expected, of course, that before entering judgment in any action where service was had by publication, that a court will closely scrutinize the validity of the affidavit for service by publication.

Is there any reason why a money judgment should not be entered where service is effected by publication in accordance with the Civil Rules that would not also apply to judgments in *in rem* actions? In actions where service was had by publication, it is inferred or presumed that reasonable notice has been given to and was received by the defendant. The validity of a judgment entered in an *in rem* action where service is by publication is predicated upon the assumption that the defendant did receive notice of the suit. As previously stated, the service by publication has been approved as valid if given in accordance with a statute or rule, since the courts hold that such service is reasonably calculated to give a defendant adequate and valid notice of the suit.

In its promulgation of the Civil Rules, the Supreme Court obviously contemplated the repeal of R. C. 2703.20 and 2703.201, since jurisdiction and service with reference to the types of cases described in said sections is otherwise provided for in the Civil Rules. Service by publication is provided for in the Civil Rules as to those actions "where such service is authorized by law." In the above-quoted R. C. 2703.14(L), it is to be noted that service by publication is authorized:

"In an action where the defendant, being a resident of this state, has departed from the county of his residence

with intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed with like intent."

This provision is similar to the service provisions of R. C. 2703.20, 2703.201, and 2307.383, which permitted the fictional service on the Secretary of State. R. C. 2703.20 provided, in pertinent part:

"Any nonresident * * * or any resident of this state * * * who subsequently becomes a nonresident or conceals his whereabouts * * * makes the Secretary of State of the state of Ohio his agent * * *."

A service by publication is no more fictional than that authorized in the cited statutes. Actually, an Ohio resident is more likely to receive notice of the suit through publication than by depositing a summons with the Secretary of State.

It is therefore to be seen that adequate provision was made by the Supreme Court for service on a defendant occupying the same status as the missing defendants described in R. C. 2703.20 and 2703.201. We observe again that, in the Civil Rules, the Supreme Court discarded the "implied-consent" and "agent" fiction that had been postulated as validating the service-of-process provisions of the said cited statutes. Where service by publication is authorized and carried out, it is obviously presumed or inferred that, because of the inability of a party to locate a defendant, that he was concealed. Testimony was never required as to the actual voluntary, intentional concealment of a defendant, in order that valid service by publication be carried out.

The Civil Rules were intended to, and did, discard various yokes of antiquity. The process and service procedures, as previously contained in the statutes, were drastically and dramatically changed, but definitely in conformity with the 1968 constitutional mandate of the people of Ohio. Civ. R. 1(B) recites the standards applicable to the construction and application of the rules:

"(B) Construction. These rules shall be construed and applied to effect just results by eliminating delay, un-

necessary expense and all other impediments to the expeditious administration of justice.''

The court is satisfied that a money judgment in an *in personam* action is in all respects—constitutionally and otherwise—valid where service has been duly made by publication; that said service and judgment are specifically authorized beyond any doubt by the Civil Rules.

It is, therefore, the judgment of this court that the motion of the defendant to dismiss should be overruled and the service by publication approved.

Judge Robert B. McBride is the Presiding-Administrative Judge of the Court of Common Pleas of Montgomery County, Ohio. Judge McBride is pre-eminent as a judge and as a legal scholar. He is the past president of the Ohio Common Pleas Judges Association and of the Ohio Judicial Conference. He was the original author of Ohio Jury Instructions and was, together with the author of this opinion, a member of the Rules Advisory Committee to the Supreme Court. His legal opinions are respected by all members of the bench. The question presented herein was considered by him in the Montgomery Common Pleas Court case of *Lykins* v. *Hoskins*, Case No. 137,920, although a motion to dismiss in that case was presented in a different posture than the within motion. He concluded, however, that Civ. R. 4.4(B) supplies the authorization for personal judgment on service by publication against residents of the state who conceal their whereabouts.

The instant action involves an automobile collision. While the previously cited statutes had authorized procedures for recovery against an out-of-state or concealed in-state motorist and also against like defendants in certain other specified actions, it is to be seen that the Civil Rules have now authorized procedures to be followed in practically all types of actions where a defendant inside, or outside of, Ohio may be promptly proceeded against, even though a defendant's absence or concealment would toll the statute of limitations.

A plaintiff's right to recover against a defendant's insurance carrier on a supplemental complaint need not be

delayed because he cannot get personal service on his orig-nial complaint against the wrongdoer, regardless of whether the claim is one that grows out of a motor-vehicle accident, airplane accident, "long-arm" claim or other action, such as libel, slander, assault and battery, etc.

The question presented for decision here has previous-ly been submitted on an academic basis to this court at variout legal seminars. Each questioner was advised to follow the procedure followed by counsel herein, includ-ing notice by certified or registered mail of all court pro-ceedings (filing of the action, non-delivery of the mail serv-ice, filing of the affidavit for publication, a copy of the pub-lication, etc.) upon the defendant's insurance company. A reading of the opinion of the Supreme Court in the *Hend-ershot* case, *supra*, indicates that the receipt by. the insur-ance company of notice of the original proceedings weighed heavily with the court in deciding the phase of the action against the insurance company. The fact of notice to the real party in interest—even more so than to nominal de-fendant—rather than the form thereof, is usually the most important factor considered by courts in determining due-process, constitutional questions regarding service of pro-cess.

Counsel will probably find that, after being notified, the defendant's insurance company will probably enter an appearance for the "unknown address," or "concealed," defendant on the original complaint rather than defend itself against the amount of a default judgment, since the validity of a personal judgment based on service by publi-cation has been now determined in this proceeding.

Section 16, Article I of the Ohio Constitution pro-vides:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." * * *

Had it been found that the plaintiff and the defendant had no right to have their dispute constitutionally and promptly presented for a determination by a court because of plaintiff's inability to serve the defendant, the court,

even lacking legislative authority therefor, would have been required to fashion the required procedures so that the plaintiff could proceed directly against the motorist's insurance company which is, within the limits of its policy of insurance, the real party at interest. Being fully aware of the current attitude of jurors, as reflected on *voir dire* questioning and in their verdicts, and obviously predicated on their personal involvement in insurance costs, the court is certain that direct actions against insurance companies will not be prejudicial to them in a jury's determination of liability or damage questions. The insurance company, unlike the "present address unknown" or "concealed" defendant can always be found.