PISTNER, APPELLEE, *v.*
BAXTER, APPELLANT.

(No. 80AP-969—Decided June 2, 1981.)

*Mr. Jefferson Liston,* for appellee.
*Mr. Timothy P. McCarthy,* for appellant.

MOYER, J. This matter is before us on an appeal from an order of the Court of Common Pleas of Franklin County, overruling a motion by William J. Baxter, defendant-appellant, to dismiss a judgment entry sustaining Craig Pistner's, plaintiff-appellee's, motion for default judgment and a judgment entry granting appellee a money judgment against appellant in the sum of $1,750 for pain and suffering and lost wages. On June 2, 1978, Pistner filed a complaint alleging that he sustained personal injuries and property damage in an auto accident on January 4, 1976, as a result of appellant's negligence.

On May 4, 1979, appellee filed an affidavit to initiate service by publication pursuant to Civ. R. 4.4. The notice was published for six consecutive weeks in the *Daily Reporter* beginning May 10, 1979, and last appearing on June 16, 1979.

On August 29, 1980, appellee moved for a default judgment, and appellant filed a motion to dismiss or quash summons on the grounds that there was no service of summons and that there was no jurisdiction over appellant. The trial court overruled appellant's motion and entered default judgment for appellee.

Appellant raises the following three assignments of error in support of his appeal. The assignments of error are:

"I. The trial court erred in determining that it had personal jurisdiction over the defendant [appellant].

"II. The trial court erred in overruling defendant's [appellant's] Motion to Dismiss or, in the alternative, quash the Summons.

"III. The trial court erred in entering

a Default Judgment against the defendant [appellant]."

The assignments of error are interrelated and are considered together. The primary issue in this case is whether appellee obtained service upon appellant within one year from the filing of his complaint. Civ. R. 3(A) provides in pertinent part as follows:

"A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing."

Appellee's complaint was filed on June 2, 1978, and the last publication of his service was on June 14, 1979, more than one year after the filing of the complaint. Appellee argues that, because his affidavit for publication was filed within one year from the filing of the complaint, he has complied with Civ. R. 3(A). Appellee argues that service is obtained on the first date of publication.

In 1965, R.C. 2305.17, the predecessor to Civ. R. 4.4(A), was amended to delete the following language: "When service by publication is proper, the action is commenced at the date of the first publication, if it is regularly made." Civ. R. 4.4, adopted in 1970, states: "* * * Service shall be complete at the date of the last publication." In *Lash* v. *Miller* (1977), 50 Ohio St. 2d 63 [4 O.O.3d 156], the Supreme Court, at page 64, stated that:

" '* * * a petition and precipe for the issuance of summons does not constitute the commencement of an action * * * equivalent to its commencement, *where there has been no effective service of summons upon defendant within the time limit prescribed by that statute.'* (Emphasis added.)"

We have also, in *Northland Dodge, Inc.* v. *Damachi* (1978), 56 Ohio App. 2d 262, 264 [10 O.O.3d 273], held that service by publication is a last resort procedure and should be strictly enforced.

We conclude from our review of Civ. R. 3(A) and 4.4(A) and the case law reviewed herein, that service of notice by publication, pursuant to Civ. R. 4.4(A), is not complete until the last publication of the service of notice in a newspaper, and service is obtained only upon the last publication of the notice of service for purposes of Civ. R. 3(A). Cf. *Dolan* v. *Fulkert* (1972), 30 Ohio App. 2d 165 [59 O.O.2d 277].

A second issue raised by the assignments of error is whether the affidavit for service by publication filed pursuant to Civ. R. 4.4(A) by appellee is sufficient to meet the requirements of the civil rule. Civ. R. 4.4(A) provides, in part, as follows:

"* * * Before service by publication can be made, an affidavit of a party or his counsel must be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant and cannot with reasonable diligence be ascertained."

In *Wilson* v. *Sinsabaugh* (1978), 61 Ohio App. 2d 224 [15 O.O.3d 365], we stated, at page 226, that:

"An affidavit for service by publication is sufficient if it alleges that service of summons cannot be made because the residence of the defendant is unknown to the affiant and cannot with reasonable diligence be ascertained."

The affidavit filed by appellee states neither that appellant's address is unknown to appellee or his attorney, nor that appellee or his attorney has been reasonably diligent in attempting to obtain the residence of appellant. The affidavit is insufficient as a matter of law. It should have at least stated that appellee was unable to obtain the residence of appellant after a diligent attempt to do so. The assignments of error are well taken and are sustained.

For the foregoing reasons, the judgment of the trial court is reversed.

*Judgment reversed.*

WHITESIDE and MCCORMAC, JJ., concur.