NATIONWIDE MUTUAL INSURANCE COMPANY ET AL. *v.* PITSTICK.

(No. A-8203233—Decided August 22, 1983.)

Court of Common Pleas of Hamilton County.

*Mr. Robert H. Gutzwiller* and *Mr. Jeffry M. Hoehne,* for plaintiffs.

BETTMAN, J. This is an action for injury and loss allegedly suffered as the result of an automobile collision in September 1980. The case was set on the court's docket for entry of dismissal on the ground that no service had been obtained on the defendant within one year, as required by Civ. R. 3(A). Service by certified and regular mail, attempted at 5767 Bridgetown Road, Cincinnati, Ohio, 45211, the address which the defendant, Verna J. Pitstick, had given the police at the time of the automobile accident, was returned, stamped "moved, left no address," "addressee unknown." No service by publication pursuant to Civ. R. 4.4(A) was attempted. Instead, service was made on the Secretary of State, pursuant to R.C. 2703.20. Service on the Secretary of State, then, was the only service completed within one year of the filing of the action. Plaintiffs, Nationwide Mutual Insurance Company and Paul J. Danner, maintain that the court has jurisdiction over the defendant by virtue of such service. We do not agree.

Civ. R. 4.1 provides:

"All methods of service within this state, except service by publication as provided in Rule 4.4(A) are described herein. Methods of out-of-state service and for service in a foreign country are described in Rule 4.3 and Rule 4.5."

The obvious intent of the Supreme Court in enacting the rule was to provide for service in every type of case. In *Rasmussen* v. *Vance* (1973), 34 Ohio Misc. 87 [63 O.O.2d 400], Judge George J. McMonagle, who served as a member of the Rules Advisory Committee to the Supreme Court, so concluded. He stated that "[i]n its promulgation of the Civil Rules, the Supreme Court obviously intended to make provision for service in every type of action." This conclusion was quoted with approval by the Court of Appeals for the First Appellate District in *Madden* v. *Davis* (Dec. 23, 1974), Hamilton App. No. C-74084, unreported.

Section 5(B), Article IV of the Ohio Constitution provides, in pertinent part, that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Because the Supreme Court stated its intention to prescribe all forms of service in Civ. R. 4, R.C. 2703.20, providing for a different form of service is, of necessity, in conflict with the Civil Rules. Under the Constitution, R.C. 2703.20 must, therefore, be of no further force or effect.

So far as we have been able to

discover, no appellate court has thus held in so many words. However, one can draw no other conclusion from the court's reasoning in *Dolan* v. *Fulkert* (1972), 30 Ohio App. 2d 165 [59 O.O.2d 277].

R.C. 2703.20 authorizes service on the Secretary of State in two types of cases. One, where the defendant is a nonresident. Two, where the defendant was an Ohio resident at the time of the accident but becomes a nonresident or conceals his whereabouts. *Dolan* holds in the first type of case — service on a nonresident — that service pursuant to R.C. 2703.20 is invalid as in conflict with Civ. R. 4.3 which sets out the method of service on nonresidents. Based on this reasoning one can reach no logical conclusion but that service pursuant to R.C. 2703.20 in the second type of case, where the defendant's whereabouts is unknown, is equally invalid as in conflict with Civ. R. 4.4(A) which sets out the method of service where the defendant's address is unknown.

The entire problem is carefully and thoroughly analyzed by Judge McMonagle in *Rasmussen*. He concludes at page 91 as to R.C. 2703.20 and 2703.201, "we find no parts of them that have not been supplanted by the Civil Rules."

Plaintiffs argue that if the statute is in conflict with the Civil Rules the legislature should have repealed it. We certainly agree with this position. However, the fact is that there are and probably always will be a number of statutes on the books which have been supplanted in whole or in part by the rules. Such is the nature of the legislative process.

The circumstances of this case are the same as those dealt with by the First Appellate District in *Madden* v. *Davis*, *supra*, namely, that the defendant had moved from his Ohio residence and could not be located despite plaintiff's diligent efforts. We follow the court's conclusion in that case at page 4 that "[u]nder such circumstances, service by publication is authorized by law and is required by the Supreme Court." The attempted service through the Secretary of State pursuant to R.C. 2703.20 is of no effect, and therefore no service was accomplished within one year and plaintiffs' complaint must be dismissed.

*Complaint dismissed.*