JOURNAL ENTRY AND OPINION
{¶ 1} Juan Camacho appeals from an order of the trial court dismissing his complaint for failure to perfect service within the one year proscribed in Civ.R. 3. We reverse and remand.
 {¶ 2} The record reveals that in December 1998, Juan and Anibal Camacho and their daughter Mayram ("The Camachos") were involved in a car accident with Andre Smiley at the intersection of East 150th
 {¶ 3} and Kinsman Road in Cleveland. In May 2000, the Camachos filed a complaint against Smiley to recover damages for medical expenses and for pain and suffering, but voluntarily dismissed the complaint when they relocated out of state.
 {¶ 4} In July 2002, the Camachos refiled the complaint and began attempting service, but when certified mail service failed, they filed an affidavit for service by publication on April 15, 2003. After receiving a dismissal advisement from the court for failure to serve Smiley in a timely manner, the court dismissed the case in August 2003. Shortly thereafter, however, the court reinstated the case and corrected its journal entry to acknowledge service by publication.
 {¶ 5} In November 2003, Smiley filed a motion to dismiss for failure to perfect service within the required one-year service period under Civ.R. 3, which the court then granted in April 2004. The Camachos appeal from this order in a single assignment of error which states:
"The trial court committed a reversible and prejudicial error when itruled that plaintiffs did not perfect service within one(1) year of therefiling of their complaint pursuant to civil rule 3."
 {¶ 6} The service of process is governed by Civ.R. 3(A) which states that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing." When the Camachos were unable to perfect service via certified mail, they filed an affidavit for service by publication. Civ.R. 4.4 sets forth the guidelines for service by publication and states:
"(A) Residence unknown. (1) Except in an action governed by division(A)(2) of this rule, if the residence of a defendant is unknown, serviceshall be made by publication in actions where such service is authorizedby law. Before service by publication can be made, an affidavit of aparty or his counsel must be filed with the court. The affidavit shallaver that service of summons cannot be made because the residence of thedefendant is unknown to the affiant, all of the efforts made on behalf ofthe party to ascertain the residence of the defendant, and that theresidence of the defendant cannot be ascertained with reasonablediligence.
 "Upon the filing of the affidavit the clerk shall cause service ofnotice to be made by publication in a newspaper of general circulation inthe county in which the complaint is filed. If no newspaper is publishedin that county, then publication shall be in a newspaper published in anadjoining county. The publication shall contain the name and address ofthe court, the case number, the name of the first party on each side, andthe name and last known address, if any, of the person of persons whoseresidence is unknown. The publication also shall contain a summarystatement of the object of the complaint and demand for relief and shallnotify the person to be served that he or she is required to answerwithin twenty-eight days after the last publication. The publicationshall be published at least once a week for six successive weeks unlesspublication for a lesser number of weeks is specifically provided by law.Service shall be complete at the date of the last publication. "After thelast publication, the publisher or its agent shall file with the court anaffidavit showing the fact of publication together with a copy of thenotice of publication. The affidavit and a copy of the notice shallconstitute proof of service."
 {¶ 7} The record reflects that the affidavit for service by publication was filed on April 15, 2003, in accord with Civ.R. 4.4. It is then the responsibility of the publisher, or in this case, the Daily Legal News, to file the affidavit along with a copy of the publication. It is clear that the publisher failed to do so in a timely manner. It is also clear that the court recognized the Comachos' publication compliance in its August 18, 2003 entry. It is additionally clear in the court's September 16, 2003 journal entry that it recognized the newspaper's failure to file proof of service by publication and gave the Camachos thirty days, or until October 16, 2003, to file such proof. In compliance with the court's order, proof of publication was filed on October 7, 2003, complete with an affidavit from the Daily Legal News stating that publication was completed on May 27, 2003.
 {¶ 8} Service by publication is not complete until the last publication. Civ.R. 4.4(A); Pistner v. Baxter (1981), 2 Ohio App.3d 69. Since the Camachos obtained service of process by virtue of the May 27, 2003 final publication date, they were therefore in compliance with the time period allotted by Civ.R. 3(A). For these reasons, we find that there is sufficient evidence in the record to reflect that service was completed within the proscribed one-year period, and that in addition to this proof, the court allotted the Comachos until October 16, 2003, to supply the required proof from the Daily Legal News. We find this assignment of error to have merit.
Judgment reversed and remanded for proceedings consistent with this opinion.
It is ordered that the appellants recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese Jr., P.J., and McMonagle, J. concur.