JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Mary Lou Ambrose, et al. appeals the trial court's dismissal of her complaint with prejudice for failure to perfect service within six months of the filing:
 "I. The lower court erred in ordering the dismissal of the appellant's complaint with prejudice."
 {¶ 2} Having reviewed the record and pertinent law, we reverse the decision of the trial court and remand for further proceedings consistent with this opinion. The apposite facts follow.
 {¶ 3} On October 3, 2005, Ambrose re-filed a class action complaint against Advanced Wireless Communications Inc. ("Advanced Wireless") under the Federal Telephone Consumer Protection Act and the Ohio Consumer Sales Practices Act. In the complaint, Ambrose specifically alleged that she received a total of twenty-seven unsolicited facsimile advertisements transmitted on behalf of Advanced Wireless in violation of both the Federal Telephone Consumer Protection Act and the Ohio Consumers Sales Practices Act.
 {¶ 4} On October 6, 2005, Ambrose began attempting service, but when certified and ordinary mail service failed, Ambrose filed an affidavit for service by publication on March 6, 2006. On April 5, 2006, the trial court dismissed Ambrose's *Page 3 
complaint with prejudice for failure to perfect service within six months of filing the complaint. It is from this decision that Ambrose now appeals.
 Service of Process {¶ 5} In her sole assigned error, Ambrose argues the trial court erred in dismissing her complaint. We agree.
 {¶ 6} The service of process is governed by Civ.R. 3(A), which states that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing."[1]
Besides the provision in Civ.R. 3(A), another rule, namely Civ. R. 4(E), which deals with summons and time limit for service, provides as follows:
 "If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This division shall not apply to out-of-state service pursuant to Rule 4.3 or to service in a foreign country pursuant to Rule 4.5."
 {¶ 7} In Thomas v. Freeman[2], the Supreme Court of Ohio noted that Civ.R. 4(E) directs courts to dismiss without prejudice so as to avoid a conflict with Civ.R. 3(A)'s provision that an action is commenced if service is perfected within one year. In addition, Civ.R. 41(B)(1) states, "where the plaintiff fails to prosecute * * * the *Page 4 
court * * * may * * * dismiss an action or claim."[3] A dismissal for lack of jurisdiction, including a lack of personal jurisdiction, operates as an adjudication otherwise than on the merits, that is without prejudice.[4] A lack of personal jurisdiction can result from a failure to perfect service on the defendant.[5]
 {¶ 8} In the instant case, although it is undisputed that Ambrose failed to perfect service prior to the trial court's dismissal of the complaint with prejudice, the record demonstrates that Ambrose attempted to prosecute her cause of action with due diligence. Ambrose initially attempted service upon Advanced Wireless by way of certified mail. Upon notice of failure of service, Ambrose pursued an alternative method of service of the complaint through ordinary mail. When Ambrose was unable to perfect service via certified or ordinary mail, she filed an affidavit for service by publication.
 {¶ 9} In Harrell v. Guest[6], we stated that a dismissal pursuant to Civ. R. 4(E) is to be applied only when a plaintiff is negligent in obtaining service upon the defendant. Further, Civ. R. 4(E) "* * * is directed toward clearing the docket of those non-diligent plaintiffs who neglect follow-up, in-state process when original *Page 5 
in-state service of process fails. The rule does not apply to the more time-consuming procedures involved in out-of-state or foreign service of process."[7] Herein, Ambrose was not negligent in attempting service upon Advanced Wireless, an out of state defendant.
 {¶ 10} Civ.R. 4.4 sets forth the guidelines for service by publication and states as follows:
 "(A) Residence unknown. (1) Except in an action governed by division (A)(2) of this rule, if the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel must be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence.
 "Upon the filing of the affidavit the clerk shall cause service of notice to be made by publication in a newspaper of general circulation in the county in which the complaint is filed. If no newspaper is published in that county, then publication shall be in a newspaper published in an adjoining county. The publication shall contain the name and address of the court, the case number, the name of the first party on each side, and the name and last known address, if any, of the person or persons whose residence is unknown. The publication also shall contain a summary statement of the object of the complaint and demand for relief and shall notify the person to be served that he or she is required to answer within twenty-eight days after the last publication. The publication shall be published at least once a week for six successive weeks unless publication for a lesser number of weeks is specifically provided by law. Service shall be complete at the date of the last publication. *Page 6 
 "After the last publication, the publisher or its agent shall file with the court an affidavit showing the fact of publication together with a copy of the notice of publication. The affidavit and a copy of the notice shall constitute proof of service."[8]
 {¶ 11} As reflected in the trial court's journal entry dated March 6, 2006, Ambrose filed her affidavit for service by publication in accord with Civ.R. 4.4. It was then the responsibility of the publisher, or in this case, the Daily Legal News, to file the affidavit along with a copy of the publication.[9] The Daily Legal News' proof of publication filed albeit untimely, indicated that publication was completed on April 29, 2006. Thus, service was completed within weeks of the trial court's April 5, 2006, dismissal with prejudice.
 {¶ 12} The record demonstrates that Ambrose was diligent in attempting to obtain service. The trial court should have afforded Ambrose an opportunity to show good cause why her complaint should not be dismissed.[10] A dismissal with prejudice is a very severe and permanent sanction, to be applied with great caution.[11] We conclude, given the circumstances, the trial court erred in dismissing *Page 7 
Ambrose's complaint with prejudice. Accordingly, we sustain Ambrose's sole assigned error.
Judgment reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and KENNETH A. ROCCO, J., concur.
[1] Madorsky v. Radiant Telecom, Inc., Cuyahoga App. No. 87231,2006-Ohio-6409.
[2] 79 Ohio St.3d 221, 227, 1997-Ohio-395.
[3] Id.
[4] Civ.R. 41(B)(4).
[5] Thomas, supra 79 Ohio St.3d at 225.
[6] (1986), 33 Ohio App.3d 163, 164-165.
[7] Bentz v. Carter (1988), 55 Ohio App.3d 120, quotingHarrell supra.
[8] Camacho v. Smiley, Cuyahoga App. No. 84635, 2005-Ohio-622.
[9] Id.
[10] Crisan v. Staffeld, 7thDist. No. 99 C.A. 280, 2001-Ohio-3294.
[11] See Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 128. *Page 1