JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants Patricia and Warren Novotny appeal from the trial court order that dismissed, ostensibly pursuant to Civ. R. 4(E), [1] their personal injury complaint against defendants-appellees Old River Road Restaurant Co., Watermark Restaurant, Inc., Lois Samsel and "John Does 1-5."
 {¶ 2} The Novotnys present one assignment of error. They argue the trial court abused its discretion in dismissing their case after they filed a request for an extension of time to obtain service on the appellees.
 {¶ 3} Upon a review of the record, this court finds the trial court's action was appropriate. The Novotnys' assignment of error, consequently, is overruled, and the trial court's order of dismissal is affirmed.
 {¶ 4} In this case, the Novotnys filed their complaint on February 13, 2007. They alleged therein that on August 28, 2003, Patricia Novotny, a "business invitee," sustained "severe" injury as the result of a "dangerous and defective condition" located on the appellees' property.
 {¶ 5} The Novotnys attempted to serve the summons and complaint on each of the named defendants; but their attempt proved unsuccessful. During *Page 3 
the first week in March 2007, each of the mail receipts was returned as either unclaimed or undeliverable.
 {¶ 6} On March 8, 2007 the case was assigned to the docket of the original trial judge "pursuant to Sup. R. 36." This occurred because the records of the Cuyahoga County Court of Common Pleas reveal that previously, on August 12, 2005, the Novotnys filed a complaint based upon the same incident against the same defendants. The Novotnys' previous case was designated No. CV-569780.
 {¶ 7} Each named defendant's address in CV-569780 was identical to the one listed on the complaint in the instant case. Moreover, certified mail sent to each named defendant in CV-569780 was returned by the third week of August, 2005 for failure of service.
 {¶ 8} On October 4, 2005 the trial court issued an order in CV-569780 directing the Novotnys to perfect service on the defendants by February 12, 2006 or the case would be dismissed pursuant to Civ. R. 4(E). On February 10, 2006 the Novotnys filed a motion for an extension of time to obtain service. The trial court denied their motion and dismissed CV-569780 without prejudice on February 15, 2006.[2] *Page 4 
 {¶ 9} Since the statute of limitations on their personal injury claims had expired[3] by February 15, 2006, the Novotnys utilized R.C. 2305.19[4] and subsequently filed the instant case. Thomas v.Freeman, 79 Ohio St.3d 221, 1997-Ohio-395. Approximately a week after the case returned to the docket of the original trial judge, on March 19, 2007 the court issued an order which stated, "Service SHALL BE PERFECTED ON OR BEFORE 8/13/07 or case will be dismissed pursuant to C.R. 4(E)." (Emphasis in original.)
 {¶ 10} Nothing occurred in this case until August 10, 2007. On that day, as they had previously in CV-569780, the Novotnys filed a motion for an extension of time to obtain service. The motion simply stated that the Novotnys had been "unable to locate the defendants," and promised that "counsel will begin the publication process * * *."
 {¶ 11} On August 15, 2007 the trial court denied the motion and dismissed the case pursuant to the order of March 19, 2007. *Page 5 
 {¶ 12} Although the trial court indicated that the case was dismissed "without prejudice" pursuant to Civ. R. 4(E), since the case previously had been dismissed, the trial court was mistaken as to the effect of the dismissal. See, id.; Kraus v. Mauer, Cuyahoga App. No. 83182,2004-Ohio-748. Actually, the trial court's order falls under Civ. R. 41(B)(1) and (3), i.e., an involuntary dismissal that operated as an adjudication on the merits. Thomas v. Freeman, supra. The order of dismissal of this case, therefore, constitutes a final order. R.C. 2505.02.
 {¶ 13} The Novotnys' sole assignment of error states:
 {¶ 14} "The trial court abused its discretion in dismissing Plaintiffs' Complaint for failure to obtain service pursuant to Ohio Rule of Civil Procedure where Plaintiffs had shown good cause why service had not been made within the period of time as set forth in the rule and denying Plaintiffs' Motion for Extension of Time to Obtain Service without affording Plaintiffs opportunity to show good cause."
 {¶ 15} As a review of the phrasing they use in their assignment of error suggests, the Novotnys not only assert that they presented "good cause" for their failure to obtain service, but, conversely, also assert that the trial court should not have dismissed their case without permitting them to make that presentation. Neither assertion has merit. *Page 6 
 {¶ 16} Pursuant to Civ. R. 4.1(A), service "shall be by certified or express mail unless otherwise permitted by these rules." Civ. R. 4.3(B) provides that "[i]f the envelope is returned with an endorsement showing failure of delivery, service is complete when the attorney or serving party, after notification by the clerk, files with the clerk an affidavit setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of the party to be served."
 {¶ 17} Similarly, Civ. R. 4.4(A) provides that if the residence of the person to be served is unknown, service shall be made by publication, but before that is permitted, "an affidavit of a party or his counsel shall be filed with the court." The affidavit must contain each of the following averments: 1) the residence is unknown to the affiant; 2) all of the efforts made on behalf of the party to ascertain the residence of the defendant; and, 3) the residence cannot be ascertained with reasonable diligence.
 {¶ 18} It is axiomatic that, when used in a statute, the word "shall" denotes that compliance is mandatory. Lewis v. Buxton, Greene App. No. 2006 CA 122, 2007-Ohio-5986, ¶ 7. It follows that, without an affidavit that contains each of the averments required by Civ. R. 4.4(A), service by publication cannot be made. Freed v. Sims (June 9, 1994), Cuyahoga App. No. 65978. *Page 7 
 {¶ 19} As the record of this case demonstrates, the Novotnys made no efforts at all to ascertain the whereabouts of the named defendants. Three-and-a-half years after they filed the first complaint, and four years after the injury, they continued to use the same addresses which proved unsuccessful the first time. Therefore, they could not have been surprised that certified mail service again failed. Moreover, the trial court provided early notice that it expected the Novotnys to make better efforts in their refiled action.
 {¶ 20} Nevertheless, the Novotnys not only waited until the last minute to seek an extension of time, but offered the trial court no evidentiary material upon which it could justify granting such an extension. They simply sought to excuse their own dilatoriness. Under the circumstances, the trial court properly dismissed the action.Gooch v. Toth (Mar. 20, 1997), Cuyahoga App. No. 71061; cf., Harris v.Guest (1986), 33 Ohio App.3d 163; Ambrose v. Advanced Wireless, Cuyahoga App. No. 88110, 2007-Ohio-988.
 {¶ 21} The Novotnys' assignment of error, accordingly, is overruled.
 {¶ 22} The trial court's order is affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] Civ. R. 4(E) provides:
"If service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed * * * without prejudice upon the court's own initiative with notice to such party * * *"
[2] The Novotnys filed a notice of appeal from the trial court's order of dismissal, which was designated App. No. 87905. However, apparently realizing that the order did not constitute a final order, they subsequently filed a "notice of withdrawal" of the appeal, which this court granted.
[3] R.C. 2305.10 requires a personal injury action to be brought within two years after the cause arose. Thus, the Novotnys complaint in CV-569780 was filed with only two weeks to spare.
[4] R.C. 2305.19 provides:
"In an action commenced, or attempted to be commenced * * * if the plaintiff fails otherwise than on the merits, and the time for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date." *Page 1