### MORTON v. DAVEZAC et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2672.    Decided July 8, 1925

**313. CORPORATION—To be served by publication, affidavit must show that it has failed to elect officers, or to appoint an agent upon whom service of summons can be made, or that it has no place of doing business in the state.**

**997. REAL ESTATE—Where sold to foreclose tax lien under such defective affidavit proceedings are void.**

BUCKWALTER, P. J.

An action was commenced in April, 1923, by Louis Huve, Treasurer of Hamilton County to foreclose a tax lien on 16 acres of land situated in said county. An affidavit for service by publication was filed in which the affiant said that because service of summons could not be made upon defendants, due to the fact that their places of residence were not known, the affidavit for service by publication was for that reason filed. It was further stated that the cause was one mentioned in 11292 GC., being an action to foreclose a lien on real property.

Publication was made and approved by the court and on April 1, 1924, a decree of sale was entered and the real estate in question was sold to Phillip Morton for $765. In September 1924, Elizabeth Davezac and the Home Savings & Loan Co. filed a petition in the Hamilton Common Pleas and later an amendment thereto in the original action, Morton being made a party to the proceedings.

It was claimed by Davezac et al. that the proceedings, judgment, order and confirmation of sale, and deed were void and of no effect constituting the taking of property without due process of law for the reason that the affidavit for service by publication was insufficient in law and void. Also that the price received for such property was so inadequate as to shock the conscience of the court. The Common Pleas rendered a decision setting aside the deed and declared all proceedings void.

Error was prosecuted and Morton contended that the method of procedure taken by Davezac was improper, in that there was no defense to the original action, and that judgment could not be set aside except on a showing of such defense. The Court of Appeals held:

1. There was no defense to the tax lien nor was one claimed. The ground for this proceeding was that the court was without jurisdiction to determine the cause and that therefore Davezac et al. were seeking to pay taxes and expenses and redeem the proprty.

2. Reference to two parts of the affidavit need be made: "That service of summons cannot be made upon defendants because their places of residence are not known and cannot be ascertained with due diligence." and, "affiant further says that this case is one of those mentioned in 11292 GC. being an action to foreclose a lien on real property."

3. There is no averment that service cannot be made without this state, either because the defendant is not a resident, or because his place of residence cannot be ascertained, and the only averment as to why service cannot be made is that service of summons cannot be made because affiant believes that their places of residence are not known and believes that they cannot be ascertained with due diligence.

4. The record itself shows that the affidavit does not conform to provisions of the Code, permitting constructive service.

5. The Home Savings & Loan Co. being named as one of the defendants in the affidavit, could not be properly served by constructive service as there is nothing in the affidavit to show that the corporation failed to elect officers or to appoint an agent upon whom service of summons can be made; or that it has no place of doing business in this state; as is required, to serve a domestic corporation constructively under 11292 GC., par. 8.

6. Therefore the affidavit is defective and not sufficient so as to predicate service by publication thereon. The proceeding to sell was therefore void.

Judgment affirmed.

## STATE COURT OF APPEALS—Continued

Attorneys—Fyfee Chambers for Morton; Buchwalter, Headley & Smith for Davezac; Charles S. Bell and Jessie Adler for Treasurer of Hamilton Co., all of Cincinnati.