Brown, Appellant, v. Gonzales et al., Appellees.

[Cite as Brown v. Gonzales (1975), 50 Ohio App. 2d 254.]

(No. 972—Decided July 22, 1975.)

*Murray & Murray Co., L. P. A.* and *Mr. James L. Kimbler,* for appellant.

*Flynn, Py & Kruse Co., L. P. A.,* and *Mr. Raymond N. Watts,* for appellees.

Brown, P. J. This appeal is by plaintiff-appellant from a final judgment of the Court of Common Pleas of Erie County, dismissing defendant-appellee, Elaine Gonzales, from this action for insufficiency of service of process upon her. The provisions of Civ. R. 54(B) were fulfilled to make this dismissal of defendant Gonzales an appealable judgment as to defendant, Elaine Gonzales, one of the two defendants.

This is a personal injury action in which the original complaint, filed December 12, 1972, names Elaine Gonzales, c/o Executive Shores Apartments, 515 Causeway Drive, Sandusky, Ohio, and Louis Mellen, Liberty Street, Milan Ohio (both Erie County addresses), as defendants.

A summons on the complaint with a copy of the complaint was sent on December 12, 1972, by certified mail to

defendant Elaine Gonzales at the above Sandusky, Ohio, address and was returned to the clerk of courts by the post office on December 26, 1972, unclaimed, with the following notation on the envelope: ":Unknown by manager."

Thereafter, on March 2, 1973, counsel for plaintiff filed the following affidavit for service of summons by publication on both defendants, namely:

"That service of summons in the above entitled case cannot.be made because the residences of the defendants are unknown to him and cannot with reasonable diligence be ascertained."

On March 2, 1973, counsel for plaintiff also sent a summons and a copy of the complaint by certified mail to Aetna Life & Casualty Co., at its Cleveland, Ohio, office address. Aetna acknowledged receipt on March 5, 1973. Notice by publication occurred six consecutive weeks in the Sandusky Register, commencing March 7, 1973.

Defendant Elaine Gonzales on July 2, 1973, moved to quash service of summons for insufficiency of service of process. The trial court granted this motion to quash and dismissed defendant Elaine Gonzales from this action.

Plaintiff's complaint in the lower court, C. P. No. 400-15, alleged that he filed a complaint in the Erie County Court of Common Pleas in case No. 38984 on August 19, 1970, that such case was dismissed on November 10, 1972, and that the case was being refiled. Case No. 38984 involved the same cause of action and the same parties. It was contended in defendant's brief, and conceded by counsel for plaintiff in oral argument in this court, that the pleadings and record in the first case, No. 38984, disclosed that Executive Shores Apartments, 515 Causeway Drive, Sandusky, Ohio, was not defendant's last known address and that in case No. 38984 defendant Gonzales had been served by certified mail at an address in Cleveland, Ohio.

The legal question posed by appellant's assignment of error is as follows:

May the trial court dismiss a defendant from a personal injury action for insufficiency of process where the plaintiff obtained service by publication and the affidavit stated, in the language of Civ. R. 4.4(A), only that service

could not be made because defendent's residence was unknown and could not with reasonable diligence be ascertained, without stating any factual detail to support such averment, although the plaintiff had caused the summons and complaint to be sent to defendant's last known Ohio address by certified mail, which was returned by the postal authorities showing a failure of delivery?

The question must be answered in the affirmative. A dismissal of defendant Gonzales from the action was required for the following reasons.

Civ. R. 4.4 provides for service by publication when the residence of defendant is unknown only "where such service is authorized by law."* This latter phrase "where such service is authorized by law" means that R. C. 2703.14 has not been nullified by the civil rules and continues to be the principal guide for the categories of legal actions in which service by publication is permitted.

Section 1 of H. B. 1201, effective July 1, 1971, did not repeal R. C. 2703.14, while at the same time it specifically repealed the statutes immediately following—namely, R. C. 2703.15 (affidavit necessary for service on publication), 2703.16, 2703.17, 2703.18, and 2703.19.

R. C. 2703.14, paragraphs (A) through (L) inclusive, sets forth twelve separate, specific grounds for service by publication. None of these twelve grounds arises or exists from the facts contained in the affidavit for service by publication in this case or anywhere else in the record on file. The facts in the record come close but, nevertheless, fall short of a case authorizing service by publication within these provisions of R. C. 2703.14(L), which involves an action against a defendant, being a resident of the state, who

---

*"Process: service by publication

"(A) Residence unknown. When the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel must be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant and cannot with reasonable diligence be ascertained."

departs from his county of residence with the intent to delay his creditors or to avoid service of summons, or keeps himself concealed with like intent. *Morton* v. *Davezac* (1925), 20 Ohio App. 427; *cf. Pennoyer* v. *Neff* (1877), 95 U. S. 714; *Oil Well Supply Co.* v. *Koen* (1901), 64 Ohio St. 422.

Moreover, the record and judicial admissions of the parties in the present case reveal that counsel for plaintiff failed to use reasonable diligence to ascertain the residence of defendant Elaine Gonzales. This fact was a contradiction of plaintiff's affidavit that he had used reasonable diligence.

We note the cogent reasoning in *Rasmussen* v. *Vance* (1973), 34 Ohio Misc. 87, which arguably reaches a desired result, but our interpretation of Civ. R. 4.4(A), harmonized with R. C. 2703.14, compels us to reach a different conclusion. *Rasmussen* is distinguishable because the affidavit for service by publication contained detailed, unsuccessful efforts of counsel for plaintiff in seeking to learn the whereabouts of the defendant.

*Hendershot* v. *Ferkel* (1944), 144 Ohio St. 112, upon which plaintiff heavily relies, is distinguishable. There was complete compliance by plaintiff with the substituted service statute, G. C. 6308-2, in obtaining substituted service on a nonresident motorist in *Hendershot*.

*Heuser* v. *Crum* (1972), 31 Ohio St. 2d 90, is also distinguishable. The insurance company insuring Crum was a named party defendant on whom service of summons was perfected. In the present case, the record establishes that the insurer is not a party defendant. Moreover, *Heuser* did not involve service of summons by publication or the application of Civ. R. 4.4(A) or R. C. 2703.14.

Therefore, we conclude that the assignment of error is not well taken and that the trial court was correct in dismissing defendant Elaine Gonzales from the action for insufficiency of process.

*Judgment affirmed.*

WILEY and COLLIER, JJ., concur.

COLLER, J., retired, of the Court of Common Pleas of Wood County, assigned to active duty under authority of Section 6(C), Article IV, Constitution, in the Sixth Appellate District.

WILEY, J., concurring. The service of summons upon the insurance company herein did not constitute service upon the defendant. Even if the insurance company had been named a party defendant, we conclude that the Supreme Court of Ohio has stopped short of stating that service of summons on an insurance company under the facts of this case would be sufficient to make the insurance company directly liable as a party defendant or sufficient to commence the action against the insured. R. C. 3929.05 and 3929.06; *Chitlik* v. *Allstate Ins. Co.* (1973), 34 Ohio App. 2d 193; *cf. Heuser* v. *Crum* (1972), 31 Ohio St. 2d 90; 30 Ohio Jurisprudence 2d 998, Insurance, Section 1095; 44 American Jurisprudence 2d 460, Insurance, Section 1575. For a different view, see *Shingleton* v. *Bussey* (Fla. 1969), 223 So. 2d 713; see, also, McDonald, *Joinder of Insurers*, 24 Case W. Res. L. Rev. 201 (1972-73).