WILSON, APPELLANT, *v.* SINSABAUGH ET AL., APPELLEES.

[Cite as Wilson v. Sinsabaugh (1978),
61 Ohio App. 2d 224.]

(No. 78AP-428—Decided November 28, 1978.)

*Messrs. Tyack, Scott, Grossman & Wiseman,* and *Mr. Paul Scott,* for appellant.

*Messrs. Baldwin, Menapace & Sheppard,* for appellees.

McCormac, J. Plaintiff, the appellant, filed suit against Richard E. Sinsabaugh and Jerry Behm in Franklin County Common Pleas Court alleging that, as a result of the negligent operation of an automobile by Richard E. Sinsabaugh on December 21, 1974, plaintiff was injured. The claim against Jerry Behm was that he negligently entrusted his automobile to Richard Sinsabaugh.

Certified mail service was attempted on both defendants and returned 'address unknown."

Plaintiff then requested service by publication, submitting therewith the following affidavit:

"Paul Scott, being first duly cautioned and sworn, deposes and says that he is the attorney for the plaintiff in the above entitled action and the Service of Summons cannot be made upon the defendants, Richard E. Sinsabaugh, at the last known address of 7381 East Broad Street, Blacklick, Ohio, 43004 and Jerry Behm, at the last known address of 4673 Refugee Road, Columbus, Ohio, 43227; that the present address of the defendants cannot, with reasonable diligence, be ascertained; and that this case is one of those which comes within the provisions of 2703.14 et seq. and 3105.06 of the Revised Code of Ohio. * * *."

Defendants moved the court for an order quashing service against them on the basis that the affidavit of plaintiff's counsel was insufficient to establish grounds for service by publication.

The trial court sustained the motion to quash service on the basis that plaintiff's affidavit was insufficient.

From the judgment of the trial court, plaintiff has appealed, setting forth the following assignment of error:

"The trial court erred by granting defendants' motion to quash service when the affidavit filed for service by publication complied with the applicable law."

Service by publication on the defendants was quashed solely because the trial court found that plaintiff's affidavit for service by publication was insufficient as a matter of law. The trial court did not consider nor was there a factual finding that service by publication pursuant to R. C. 2703.14 (L) was inapplicable to the facts of this case. Thus, the trial court's ruling went to the procedural rather than the substantive aspects of the propriety of service by publication.

Civ. R. 4.4 (A) sets forth the procedural requirements for obtaining service by publication as follows:

"Residence unknown. When the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel must be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant and cannot with reasonable diligence be ascertained.***"

An affidavit for service by publication is sufficient if it alleges that service of summons cannot be made because the residence of the defendant is unknown to the affiant and cannot with reasonable diligence be ascertained. There is no requirement that the affidavit contain a statement that the action in which service by publication is attempted is one where such service is authorized by law, although service by publication will support the judgment only if the action is one where publication is proper. Prior to the adoption of the civil rules, R. C. 2703.15 required that the affidavit to be filed with service for publication state that the case is of the nature described in R. C. 2703.14. However, R. C. 2703.15 was repealed as being in conflict with Civ. R. 4.4 (A). Hence, the trial court was incorrect in ruling that plaintiff's affidavit for service by publication was insufficient. Additionally, the affidavit did state that the action was one in which service by publication was authorized by R. C. 2703.14, although a specific section or basis therefor was not sworn to therein.

In his brief and memorandum to the trial court, plaintiff states that he is relying for service by publication on R. C. 2703.14 (L), which provides for publication in the following instance:

"In an action where the defendant, being a resident of this state, has departed from the county of his residence with intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed with like intent."

This provision is an exception to the usual rule that service by publication cannot be used in an *in personam* action such as money damages for negligence. In an *in personam* action, upon the motion of a defendant challenging the sufficiency of service by publication, it will be necessary for plain-

tiff to prove the existence of the requirements of R. C. 2703.14 (L) in order to support his service by publication. However, the parties must be given an opportunity to present evidence, as a factual determination is required. Plaintiff must present proof from which it can reasonably be inferred by a preponderance of the evidence that defendants' actions were those described by R. C. 2703.14 (L). Of course, defendants can also present evidence contradicting plaintiff's statements in the affidavit for publication that reasonable diligence was used unsuccessfully to determine defendants' present address.

Appellees rely upon the case of *Brown* v. *Gonzales* (1975), 50 Ohio App. 2d 254, where the Court of Appeals of Erie County concluded that an affidavit for service by publication is insufficient if it fails to assert any of the grounds for service by publication listed in R. C. 2703.14. For the reasons previously expressed, we disagree with that conclusion. There does, however, appear to be an additional reason in *Brown* upon which the court rested its decision, that being that the record and judicial admissions of the parties revealed that reasonable diligence had not been used to ascertain the residence of defendant in contradiction of the conclusionary statement in the affidavit. In this case, that issue has not been litigated.

Appellant's assignment of error is sustained. The judgment of the trial court is reversed and the case is remanded to the trial court for further procedure consistent with this decision.

*Judgment reversed.*

STRAUSBAUGH and REILLY, JJ., concur.