OHIO FAIR PLAN UNDERWRITING
ASSOCIATION, APPELLANT, *v.*
GOLDSTEIN ET AL., APPELLEES.

(No. 43873—Decided June 24, 1982.)

*Messrs. Ulmer, Berne, Laronge, Glickman & Curtis* and *Ms. Dorothea J. Kingsbury,* for appellant.

*Mr. Richard M. Humphreys,* for appellees.

PARRINO, P.J. Plaintiff Ohio Fair Plan Underwriting Association appeals the entry of judgment in the Cleveland Municipal Court dismissing the action against defendants Thompson Goldstein and George G. Thompson for failure to join an indispensable party. We reverse.

The complaint, filed January 12, 1981, alleged that Joseph and Dominic Comella owned property which plaintiff had insured against loss and damage. The complaint alleged that on November 5, 1979, an automobile owned by defendants and operated by one Charles Edmundson collided with and damaged the Comella property. It was asserted that defendants had negligently entrusted the care and custody of their vehicle to Edmundson. Therefore, plaintiff sought to recover from defendants, jointly and severally,

$4,134.76 which it had paid to the Comellas under their insurance policy.

The defendants filed a motion to dismiss on the grounds of failure to join an indispensable party, to wit, Edmundson. Plaintiff filed a brief in opposition which asserted, *inter alia,* that it had been unable, despite diligent efforts, to locate Edmundson.

The trial court filed its judgment entry on April 29, 1981, granting defendants' motion to dismiss without prejudice. From this judgment entry plaintiff has filed a timely appeal.

Plaintiff raises the following assignments of error:

"The Trial Court Erred In Granting Defendants-Appellees' Motion To Dismiss.

"The Judgment Is Contrary To Law."

These assignments are well taken. The issue is whether, under the facts of this negligent entrustment action, the action was properly dismissed for the failure of plaintiff to join the driver Edmundson as a party defendant. We hold that the dismissal was erroneous.

The rule regarding liability for negligent entrustment is stated as follows:

"The owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent operator whose negligent operation results in the injury." *Gulla* v. *Straus* (1950), 154 Ohio St. 193 [42 O.O. 261], paragraph three of the syllabus.

The liability arises from the combined negligence of the owner and the driver of the automobile, *i.e.,* the negligence of the owner in entrusting the vehicle to an incompetent driver and the negligence of the driver in the operation of the vehicle. *Williamson* v. *Eclipse Motor Lines, Inc.* (1945), 145 Ohio St. 467, 471 [31 O.O.

156]; *Clark* v. *Stewart* (1933), 126 Ohio St. 263, 276; *Elliott* v. *Harding* (1923), 107 Ohio St. 501, 507. Thus, the circumstance of negligent entrustment involves at least two distinct tortfeasors. These two tortfeasors may be joined as defendants in the same action. Civ. R. 20(A). See, also, *Ostrander* v. *Parker-Fallis* (1972), 29 Ohio St. 2d 72 [58 O.O.2d 117]; *Darling* v. *Home Gas & Appliances, Inc.* (1963), 175 Ohio St. 250 [24 O.O.2d 414]; *Wery* v. *Seff* (1940), 136 Ohio St. 307 [16 O.O. 445]. Whether the automobile owner and the driver must be joined is determined by Civ. R. 19.

Civ. R. 19(A) describes persons who shall be joined as parties *if feasible,* providing in part:

"A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee."

When the joinder of these persons is not feasible, Civ. R. 19(B) imposes upon the court the following guidelines:

"If a person as described in subdivision (A)(1), (2), or (3) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent

to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

Civ. R. 19 is patterned after Fed. R. Civ. P. 19 as amended in 1966. The Advisory Committee's Notes to the 1966 amendment, published at 39 F.R.D. 69, 89-94, shed light on how the rule was intended to be applied. The committee notes indicate that Fed. R. Civ. P. 19(a) defines persons whose joinder in the action "is desirable." The interests being furthered are not only those of the parties but also that of the public in avoiding repeated lawsuits on the same essential subject matter. *Id.* at 91. If a person falls within the definition of 19(a) as a person whose joinder is desirable, and if his joinder is not rendered infeasible by considerations of jurisdiction, venue, etc., he *shall* be joined. On the other hand, if the person's joinder is desirable pursuant to 19(a) but his joinder is not feasible, a determination must be made under 19(b) whether in equity and good conscience the action should proceed without his joinder or whether the action should be dismissed, "the absent party being thus regarded as indispensable." The word "indispensable" is used only in the conclusory sense, that is, a person is "regarded as indispensable" when he cannot be made a party and, upon consideration of the factors delineated in 19(b), it is determined that in his absence it would be preferable to dismiss the action rather than to retain it. *Id.* at 93.

We hold that the driver in an action for negligent entrustment is a person whose joinder is needed for just adjudication pursuant to Civ. R. 19(A). In his absence complete relief cannot be accorded among those already parties. Civ. R. 19(A)(1). Moreover, he holds "an interest relating to the subject of the action" inasmuch as a determination of negligence on the part of the driver is necessary to prove negligent entrustment. The disposition of the action in the absence of the driver may as a practical matter impair or impede his ability to protect that interest or leave the persons already parties subject to a substantial risk of incurring inconsistent obligations by reason of his claimed interest.[1] Civ. R. 19(A)(2). Cf. *Provident Tradesmens Bank & Trust Co.* v. *Patterson* (1968), 390 U.S. 102, 108 (under Fed. R. Civ. P. 19[a], owner was a necessary party in action against driver and owner's insurance carrier whose policy covered any person driving with owner's permission); *Pauley* v. *Pauley* (D. Md. 1972), 58 F.R.D. 386 (it may be inferred from court's analysis of Fed. R. Civ. P. 19[b] that driver was a necessary party under Fed. R. Civ. P. 19[a] in action against owner). Accordingly, the driver in an action for negligent entrustment must be joined if subject to service of process.

In the case at bar, the trial court dismissed the case rather than order the joinder of the driver. We find this disposition to be erroneous.

As a general rule, a tortfeasor has no

[1] We can envision several hypothetical situations which involve a risk of inconsistent obligations. For example, the victim could recover from the owner on the basis of the driver's negligence and yet the owner, in a subsequent suit against the driver, might be denied contribution on the basis that the driver was not negligent. Further, the victim might recover a judgment from the owner and subsequently seek to recover a second judgment from the driver. On the other hand, where the victim failed to recover from the owner on the basis that the driver was not negligent, collateral estoppel would not preclude a subsequent suit against the driver since that doctrine applies only to subsequent actions between the same parties.

right to demand that other tortfeasors be joined or the action be dismissed. See *Debbis* v. *Hertz Corp.* (D. Md. 1967), 269 F.Supp. 671, 683-684; Annotation, 22 A.L.R. Fed. 765, Section 17, at 836-838; 7 Wright & Miller, Federal Practice & Procedure, Section 1623, at 241-244 (1972) (all these authorities construing Fed. R. Civ. P. 19). Civ. R. 19(A) was not intended to be at variance with the settled authorities which hold that a tortfeasor with the usual "joint-and-several" liability is merely a permissive party to an action against another with like liability. Advisory Committee Notes, *supra,* at 91. Therefore, a joint tortfeasor ought not be permitted to escape liability by obtaining a dismissal under Civ. R. 19 unless the factors set forth therein clearly require it.[2]

The case at bar is not such a case. We find that the driver was subject to service of process and therefore his joinder could have been ordered by the trial court.

Civ. R. 4.4(A) provides that when the residence of a defendant is unknown, service of process shall be made by publication "in actions where such service is authorized by law." R.C. 2703.14(L) provides for service by publication in the following circumstances:

"In an action where the defendant, being a resident of this state, has departed from the county of his residence with intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed with like intent."[3]

On the record before us we find that the driver was subject to service by publication pursuant to Civ. R. 4.4(A) and R.C. 2703.14(L). *Wilson* v. *Sinsabaugh* (1978), 61 Ohio App. 2d 224 [15 O.O.3d 365].[4] Under these circumstances, Civ. R. 19(A) requires that the driver be joined, and does not authorize dismissal.[5]

Accordingly, we hold that the trial court erred in granting defendants' motion to dismiss. The judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance with law.

*Judgment reversed and cause remanded.*

COOK and DYKE, JJ., concur.

---

[2] We note that defendants did not seek to join the driver as a third-party defendant under Civ. R. 13(H) and 14(A), but merely sought an order dismissing the complaint or, in the alternative, an order requiring plaintiff to join the driver as a defendant.

[3] See, also, R.C. 2703.20 which provides for service of process upon the Secretary of State as the agent for any nonresident who drives in the state or any resident of the state who, being a licensed operator of a motor vehicle, subsequently becomes a nonresident or conceals his whereabouts, in any civil suit including a relevant accident or collision. *Coffey* v. *Shenk* (1974), 39 Ohio App. 2d 156 [68 O.O.2d 352]. But, see, *Dolan* v. *Fulkert* (1972), 30 Ohio App. 2d 165 [59 O.O.2d 277], and *Rasmussen* v. *Vance* (1973), 34 Ohio Misc. 87 [63 O.O.2d 400], which hold that R.C. 2703.20 has been superseded by the Civil Rules and that service by publication is the only appropriate means of service of process upon a driver in the state whose whereabouts becomes unknown.

[4] Of course, the driver would be entitled to challenge the sufficiency of service by publication by a motion to quash service, and plaintiff would then be required to demonstrate by a preponderance of the evidence that the driver had in fact left the jurisdiction or concealed his whereabouts to avoid service of summons. *Wilson* v. *Sinsabaugh, supra;* accord, *Brown* v. *Gonzales* (1975), 50 Ohio App. 2d 254 [4 O.O.3d 220].

[5] In addition, Civ. R. 21 expressly empowers the court to join an absent party who is subject to service of process, stating in part:

"Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

Cook, J., of the Eleventh Appellate District, sitting by designation in the Eighth Appellate District.

Dyke, J., of the Court of Common Pleas of Cuyahoga County, sitting by assignment in the Eighth Appellate District.