[Cite as *In re Adoption of G.O.D.*, 2024-Ohio-1627.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

IN RE:  THE ADOPTION OF:                CASE NO. 4-23-11

   G.O.D.

                                        **O P I N I O N**

[JOSHUA V. - APPELLANT].

---

**Appeal from Defiance County Common Pleas Court**
**Probate Division**
**Trial Court No. 2061**

**Judgment Affirmed**

**Date of Decision:  April 29, 2024**

---

**APPEARANCES:**

   *W. Alex Smith* **for Appellant**

   *Danny Hill, II* **for Appellee**

**WALDICK, J.**

{¶1} Respondent-appellant, Joshua V. ("Joshua"), appeals the September 13, 2023 judgment of the Defiance County Common Pleas Court, Probate Division, in which the trial court granted a final order of adoption of Joshua's minor son, "G.O.D.", after finding that Joshua's consent was not required for the adoption. For the reasons that follow, we affirm.

*Procedural & Factual Background*

{¶2} On May 1, 2023, petitioner-appellee, Richard D. ("Richard"), filed a petition pursuant to R.C. 3107.05 for adoption of G.O.D., who was born in 2010 and is the biological son of Richard's wife, Janelle D. ("Janelle"). The petition asserted that Joshua's consent was not required for the adoption. Specifically, the petition alleged that Joshua had failed without justifiable cause to provide more than de minimis contact with the child for a period of at least one year immediately preceding the filing of the adoption petition, and also that Joshua had failed without justifiable cause to provide for the maintenance and support of the child as required by law or judicial decree for at least that same time frame.

{¶3} When filing the adoption petition, Richard filed instructions for service on Joshua by publication, along with an affidavit that, in relevant part, stated that Joshua "currently has an outstanding warrant in Defiance County Common Pleas Court, under Case No. 23-CR-14995, that was issued on January 26, 2023", that

"due to [Joshua]'s outstanding warrant, his addresses are unknown", and that "due to [Joshua]'s addresses being unknown, the only way to give him notice of the petition of adoption is by publication in the newspaper." (Affidavit, Docket No. 12).

{¶4} On May 15, 2023, the probate court filed a notice of hearing on petition for adoption, notifying Joshua that the petition had been filed on May 1, 2023, and setting a hearing on the petition for July 24, 2023. The record reflects that publication of the legal notice of hearing on petition for adoption issued by the probate court then occurred for six consecutive weeks in the Defiance Crescent-News, and that the return of service from the newspaper was filed with the probate court on July 3, 2023.

{¶5} On July 12, 2023, Richard filed additional service instructions in the case, asking that Joshua be served by certified U.S. Mail at the Corrections Center of Northwest Ohio ("CCNO"), at the address provided in the instructions.

{¶6} On July 24, 2023, a hearing was held on the issue of whether Joshua's consent was required for the adoption. At the start of that hearing, the trial judge noted that there had been service on Joshua by publication, based on the affidavit that his whereabouts were unknown. The trial court noted that Joshua was apparently subsequently arrested, because he was then served on July 17, 2023 by certified mail at CCNO. The trial court noted that Joshua had filed nothing in the case, had not objected, and that no type of appearance by any lawyer had been entered on Joshua's behalf. The trial court then also confirmed with the court staff

present that Joshua had not contacted the court, and that he was not present in the building at that time.

{¶7} Evidence was then received by the trial court on the issue of consent. Janelle testified that she is the mother of G.O.D., who was thirteen years old at that time, and that Joshua is G.O.D.'s biological father. Janelle testified that Joshua last had contact with G.O.D. when he was four or five years old, that she had done nothing to prohibit Joshua from having contact with G.O.D., and that Joshua knew both her address and phone number. Janelle further testified that Joshua had not sent G.O.D. any cards, Christmas presents, birthday presents, or other things of that nature. Janelle also testified that Joshua had provided no financial support for G.O.D. in 2022 or 2023, and had provided no in-kind support such as clothing or food. Finally, Janelle testified that Joshua had not contacted her in any way since the filing of the adoption petition, nor to her knowledge had he contacted G.O.D., who has his own phone. Richard testified that he has been married to Janelle since 2015 and that G.O.D. had been with him since the child was one-year-old. Richard confirmed that Janelle's testimony was accurate with regard to Joshua's lack of contact with G.O.D. and the lack of financial support.

{¶8} The trial court then ruled from the bench that all parties were before the court by proper service, and that the evidence established that Joshua's consent to the adoption was not required because Joshua is a parent who (1) had failed without justifiable cause to provide more than de minimis contact with the minor for at least

one year immediately preceding the filing of the adoption petition, and (2) had failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for at least one year immediately preceding the filing of the adoption petition.

{¶9} On July 24, 2023, at 11:35 a.m., the probate court journalized the ruling on consent made previously from the bench.

{¶10} On July 24, 2023, at 1:08 p.m., a handwritten letter signed by Joshua dated July 19, 2023 was filed with the probate court, in which Joshua asserted that he was contesting the adoption of his son.

{¶11} On August 28, 2023, a hearing on whether the adoption was in the best interests of G.O.D. was held, at which Joshua appeared via Zoom from Northwest Community Corrections Center, a community-based correctional facility. At the start of that hearing, the trial court reviewed the record with regard to service on Joshua. The trial court noted that, pursuant to the instructions for service by publication, publication had occurred on May 23rd, May 30th, June 6th, June 13th, June 20th, and June 27th, with return of that service made by the Defiance Crescent-News on July 3, 2023, and then the first hearing was held on July 24, 2023, which was more than twenty days after the last publication of notice. The trial court further noted that, after Joshua's consent to the adoption was found not to be necessary at the July 24, 2023 hearing, a letter from Joshua contesting the adoption was delivered to the court later that same date via regular U.S. mail, after the trial court's judgment

on the issue of consent had been journalized. The trial court found that receipt of that letter on July 24, 2023 was more than fourteen days after the service by publication was completed and return of the service made. After noting that Joshua did not appear at the hearing on the issue of consent, and did not file a timely objection, the trial court made an additional finding that Joshua's consent to the adoption was not required because he had failed to object within fourteen days as required by R.C. 3107.07(K).

{¶12} Preliminary evidence was then received by the trial court on the issue of whether adoption was in the best interest of G.O.D. After taking brief testimony from Richard, Janelle, and G.O.D., the trial court then communicated with Joshua via Zoom. The trial court informed Joshua that it had already been determined that his consent to the adoption was not required, and that the sole issue before the court at that time was whether adoption was in G.O.D.'s best interest. Joshua asked if he could have counsel to represent him and the trial court, after hearing that Joshua was unemployed with no assets, arranged to have an application for court-appointed counsel emailed to Joshua. The trial court determined that, if Joshua qualified for court-appointed counsel, counsel would be appointed and the hearing rescheduled so that counsel could attend.

{¶13} On September 13, 2023, the "best interests" hearing resumed, with Joshua represented by court-appointed counsel and Joshua attending remotely. At the start of that hearing session, Joshua's counsel requested a continuance because

Joshua wanted to hire private counsel and wished to attend the hearing in person. The trial court denied the motion for a continuance.

{¶14} At the hearing, testimony was given by Janelle and Rick in support of the adoption petition, and then Joshua testified in opposition to the petition. Based upon the evidence presented, as well as letters of recommendation received by the court and an evaluation done by an adoption assessor on behalf of the court, the trial court found adoption to be in G.O.D.'s best interests and granted the petition.

{¶15} On October 5, 2023, Joshua filed the instant appeal, in which he raises one assignment of error for our review.

## Assignment of Error

**The Probate Court erred by ruling that consent of the father was not necessary.**

{¶16} In the sole assignment of error, Joshua argues that the trial court erred in determining that his consent to the adoption was not required.

{¶17} "[T]he right of a natural parent to the care and custody of his children is one of the most precious and fundamental in law." *In re Adoption of Masa*, 23 Ohio St.3d 163, 165, 492 N.E.2d 140 (1986). "Under most circumstances, both of a minor's natural parents must provide written consent prior to the adoption of that minor." *In re Adoption of S.S.*, 3d Dist. Van Wert No. 15-17-06, 2017-Ohio-8956, ¶ 16.

{¶18} However, R.C. 3107.07 sets forth certain exceptions to that general rule requiring consent. An exception determined by the probate court to be applicable in this case is found in R.C. 3107.07(K), which provides that "[c]onsent to adoption is not required of  * * * a * * * person given notice of the petition pursuant to division (A)(1) of section 3107.11 of the Revised Code that fails to file an objection to the petition within fourteen days after proof is filed pursuant to division (B) of that section that the notice was given[.]"

{¶19} R.C. 3107.11 governs the notice that must be given of the hearing on an adoption petition, and provides:

> (A) After the filing of a petition to adopt an adult or a minor, the court shall fix a time and place for hearing the petition. The hearing may take place at any time more than thirty days after the date on which the minor is placed in the home of the petitioner.  At least twenty days before the date of hearing, notice of the filing of the petition and of the time and place of hearing shall be given by the court to all of the following:
>
> (1) Any juvenile court, agency, or person whose consent to the adoption is required by this chapter but who has not consented;
>
> (2) A person whose consent is not required as provided by division (A), (G), (H), or (I) of section 3107.07 of the Revised Code and has not consented;
>
> (3) Any guardian, custodian, or other party who has temporary custody or permanent custody of the child.
>
> Notice shall not be given to a person whose consent is not required as provided by division (B), (C), (D), (E), (F), or (J) of section 3107.07, or section 3107.071, of the Revised Code. Second notice shall not be given to a juvenile court, agency, or person whose consent is not required as provided by division (K) of section 3107.07 of the

Revised Code because the court, agency, or person failed to file an objection to the petition within fourteen days after proof was filed pursuant to division (B) of this section that a first notice was given to the court, agency, or person pursuant to division (A)(1) of this section.

(B) Upon the filing of a petition for adoption that alleges that a parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor, the clerk of courts shall send a notice to that parent with the following language in boldface type and in all capital letters:

"A FINAL DECREE OF ADOPTION, IF GRANTED, WILL RELIEVE YOU OF ALL PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR, AND, EXCEPT WITH RESPECT TO A SPOUSE OF THE ADOPTION PETITIONER AND RELATIVES OF THAT SPOUSE, TERMINATE ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND THE MINOR'S OTHER RELATIVES, SO THAT THE MINOR THEREAFTER IS A STRANGER TO YOU AND THE MINOR'S FORMER RELATIVES FOR ALL PURPOSES, WITH THE EXCEPTION OF DIVISION (A)(1)(b) OF SECTION 3107.15 OF THE REVISED CODE. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING IS GIVEN TO YOU. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST ALSO APPEAR AT THE HEARING. A FINAL DECREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN OBJECTION TO THE ADOPTION PETITION OR APPEAR AT THE HEARING."

(C) All notices required under this section shall be given as specified in the Rules of Civil Procedure. Proof of the giving of notice shall be filed with the court before the petition is heard.

{¶20} In support of his assignment of error, Joshua first argues that the 14 days in which he was required to object should be counted from the date he was served with notice of the adoption by certified mail. Joshua suggests that the service

by publication in this case was negated by the fact that he was subsequently also served notice by certified mail.

**{¶21}** We find no merit to that general argument. Under R.C. 3107.07(K), the 14-day objection period begins when proof of service of notice is filed with the trial court. Here, that date was July 3, 2023 and, as a result, Joshua's objection was due on or before July 17, 2023. However, Joshua's objection was not filed until July 24, 2023, which was one week after the expiration of the July 17, 2023 deadline. Joshua cites to no legal authority in support of his assertion that subsequent service by certified mail somehow negated the already completed service by publication, nor has this Court uncovered any such authority.

**{¶22}** Joshua further argues that he was not served in accordance with the Ohio Rules of Civil Procedure, asserting that more diligence should have been exercised in attempting to locate him prior to resorting to service by publication. Joshua also argues that service by publication may not be allowed by law in adoption cases. In support of the latter assertion, Joshua notes that for service by publication, Civ.R. 4.4(C) requires not only that the address of the party to be served be unknown but that service by publication shall be made in actions where "such service is authorized by law." Joshua then notes that R.C. 2703.14 does not list adoption as a type of case where service by publication is appropriate, but provides no further analysis in support of his claim.

{¶23} As an initial matter, we note that Civ.R. 4 to 4.6, which govern service of process, are applicable to some, but not all, probate court proceedings. Pursuant to Civ.R. 73(A), the "Rules of Civil Procedure shall apply to proceedings in the probate division of the court of common pleas as indicated in this rule." Civ.R. 73(C) provides that "Civ.R. 4 through 4.6 shall apply in any proceeding in the probate division of the court of common pleas requiring service of summons." However, pursuant to Civ.R. 73(E), "[i]n any proceeding where any type of notice other than service of summons is required by law * * * and the statute providing for notice neither directs nor authorizes the court to direct the manner of its service," then notice shall be given in accordance with Civ.R. 73(E).

{¶24} As noted above, R.C. 3107.11(A) provides that, when an adoption petition has been filed, the probate court shall set a time and place for hearing the petition and must provide "*notice* of the filing of the petition and of the time and place of hearing" to any of the persons or entities listed in that section. (Emphasis added.) Thus, R.C. 3107.11 "'requires service of notice rather than issuance of summons.'" *In re Adoption of L.R.B.*, 9th Dist. Summit No. 28678, 2018-Ohio-1489, ¶ 27, quoting *Askew v. Taylor*, 5th Dist. Stark No. 2004CA00184, 2004-Ohio-5504, ¶ 18, citing *In re Burdette*, 83 Ohio App. 368, 374, 83 N.E.2d 813 (9th Dist.1948).

{¶25} In the instant case, Joshua's reliance on Civ.R. 4.4 is therefore somewhat misplaced, as is his reliance on R.C. 2703.14, as both of those legal

provisions apply to service of summons. Instead, we look to Civ.R. 73(E) for permissible methods by which notice of a probate court proceeding may be served. Relevant here, Civ.R. 73(E)(6) provides for service by publication "when the name, usual place of residence, or existence of the person to be served is unknown and cannot with reasonable diligence be ascertained * * *." Thus, we find no merit to Joshua's assertion that service by publication is not permissible in adoption cases.

{¶26} With regard to Joshua's claim concerning the diligence used to attempt to locate him, the Supreme Court of Ohio set forth the following in *Sizemore v. Smith*, 6 Ohio St.3d 330, 453 N.E.2d 632 (1983), regarding the reasonable diligence requirement of Civ.R. 4.4(A), which this Court finds would be applicable to the similar reasonable diligence requirement of Civ.R. 73(E):

> From the plain and unambiguous language of Civ.R. 4.4(A) it is axiomatic that a plaintiff must exercise reasonable diligence in his attempt to locate a defendant before he is entitled to service by publication. If the defendant cannot be located, plaintiff or his counsel may file an affidavit with the court. The required contents of the affidavit are amply set forth in Civ.R. 4.4(A): that defendant's residence is unknown and that it cannot be discovered with reasonable diligence. Such an averment in the affidavit gives rise to a rebuttable presumption that reasonable diligence was exercised. This court notes that, although there exists some measure of confusion on the point (cf. *Wilson v. Sinsabaugh* [1978], 61 Ohio App.2d 224, 401 N.E.2d 454 [15 O.O.3d 365], with *Brown v. Gonzales* [1975], 50 Ohio App.2d 254, 362 N.E.2d 658 [4 O.O.3d 220] ), facts demonstrating the diligence used to ascertain the address of the defendant are not required to be set forth in the affidavit itself. However, a bare allegation in an affidavit is not conclusive on the subject. Plaintiff, when challenged, must support the fact that he or she used reasonable diligence.

*Id.*, at 332-332.

**{¶27}** Additionally, as this Court stated in *In re C.H.*, 3d Dist. Mercer Nos. 10-19-10, 10-19-11, 10-19-12, 2020-Ohio-716, "'[t]he court does not delve into an examination of whether reasonable diligence was in fact exercised unless the defendant attempts to challenge the presumption in the trial court.'" *Id.*, at ¶ 47, quoting *In re D.S.*, 9th Dist. Summit No. 24619, 2009-Ohio-3167, ¶ 17. "Reasonable diligence depends on the particular facts and circumstances of each case." *Id.,* citing *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio 5238, ¶ 25.

**{¶28}** In the instant case, Joshua did not challenge the service by publication in the trial court and, more specifically, did not raise the issue of whether reasonable diligence was used in attempting to locate him before service by publication was requested. For that reason, no inquiry was made by the trial court into the diligence exercised by Richard to attempt to locate Joshua for service of notice.

**{¶29}** Nonetheless, we note that the affidavit filed in support of the request for service by publication stated that Joshua "currently has an outstanding warrant in Defiance County Common Pleas Court, under Case No. 23-CR-14995, that was issued on January 26, 2023", that "due to [Joshua]'s outstanding warrant, his addresses are unknown", and that "due to [Joshua]'s addresses being unknown, the only way to give him notice of the petition of adoption is by publication in the newspaper." (Affidavit, Docket No. 12). Additionally, testimony adduced at the adoption hearings established that Joshua's contact with Janelle and Rick through

the years had been sporadic at best, that Joshua had not seen G.O.D., nor had any contact with him, since 2017, and that prior to that Joshua had no permanent home and Janelle and Rick were always uncertain as to where Joshua was spending time on the few occasions that he did exercise parenting time with G.O.D.

{¶30} On those facts, and in the absence of an objection in the trial court as to the diligence utilized to locate Joshua or to the allegations set forth in the affidavit requesting service by publication, we find the argument that Richard failed to exercise reasonable diligence to be not well taken, particularly as Joshua has presented no assertions in support of his challenge as to how Richard could have possibly obtained information on Joshua's whereabouts.

{¶31} Having found no merit to the various arguments advanced by Joshua in support of his assignment of error, the assignment of error is overruled.

*Conclusion*

{¶32} Having found no error prejudicial to the appellant, Joshua V., in the particulars assigned and argued, the judgment of the Defiance County Court of Common Pleas, Probate Division, is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. AND ZIMMERMAN, J., concur.**

/tmm